

FILED
JAMES BONINI

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| NCR CORPORATION | § | Civil Action No. **3 : 04 cv 0284** |
| Plaintiff, | § § | COMPLAINT FOR PATENT |
| v. | § | INFRINGEMENT |
| | § | |
| INTELLISYNC CORPORATION | § | DEMAND FOR JURY TRIAL |
| Defendant. | § § | |

THOMAS M. ROSE

NCR Corporation ("NCR") hereby alleges for its Complaint against Defendant Intellisync Corporation ("Intellisync"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

### THE PARTIES

1. NCR is a Maryland corporation having its principal place of business at 1700 South Patterson Blvd., Dayton, Ohio 45479-0001.

2. Intellisync is a Delaware corporation with its principal place of business located at 2550 North First Street, Suite #500, San Jose, CA 95131.

### JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this Court and judicial district, pursuant to 28 U.S.C. §§ 1391(c) and 1400(b), based on the fact that the matters in controversy arise out of activities undertaken by Defendant Intellisync in this judicial district, including, *inter alia*, Intellisync's sale and arrangement for the sale of infringing products throughout the State of Ohio and in this judicial district. Intellisync regularly and deliberately places infringing products in the stream of commerce with the knowledge and intent that these infringing products will be used, sold, or offered for sale in the State of Ohio and in this judicial district. Thus, this is a district in which Defendant Intellisync resides.

5. Because Intellisync resides in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b), venue is proper in this district as to Intellisync.

## FACTS

6. Plaintiff NCR is engaged in the design and sale of hardware and software for point-of-sale transactions and data warehousing applications, and holds numerous patents in those areas.

7. On February 2, 1999, United States Letters Patent No. 5,867,714, entitled "System and method for distributing configuration-dependent software revisions to a computer system" (hereinafter "the '714 Patent"), was duly and legally issued to NCR. A true and correct copy of the '714 Patent is attached hereto as Exhibit A.

8. Since its issuance to NCR, the '714 Patent has been in full force and effect, and NCR has at all times been, and still is, the owner of the entire right, title, and interest in and to the '714 Patent, including the right to sue for infringements thereof.

9. On September 14, 1999, United States Letters Patent No. 5,953,532, entitled "Installation and deinstallation of application programs" (hereinafter "the '532 Patent"), was duly and legally issued to NCR. A true and correct copy of the '532 Patent is attached hereto as Exhibit B.

10. Since its issuance to NCR, the '532 Patent has been in full force and effect, and NCR has at all times been, and still is, the owner of the entire right, title, and interest in and to the '532 Patent, including the right to sue for infringements thereof.

11. On December 19, 2000, United States Letters Patent No. 6,163,274, entitled "Remotely updatable PDA" (hereinafter "the '274 Patent"), was duly and legally issued to NCR. A true and correct copy of the '274 Patent is attached hereto as Exhibit C.

12. Since its issuance to NCR, the '274 Patent has been in full force and effect, and NCR has at all times been, and still is, the owner of the entire right, title, and interest in and to the '274 Patent, including the right to sue for infringements thereof.

13. On information and belief, Defendant Intellisync designs, manufactures, and markets software products and services that synchronize and distribute critical information for individuals and organizations. Among these products are the Enterprise Intellisync software, the Enterprise Intellisync Sever software and the LoudPC software.

14. On information and belief, Intellisync has acquired Synchrologic, Inc. and now operates Synchrologic as a division of Intellisync. The Synchrologic division designs, manufactures, and markets software products that mobilize enterprise email and applications, automate the delivery of documents and web sites, and provide mobile systems management tools for laptops, tablet PCs, handhelds, and smart phones. Among these products are the Email Accelerator software and the Mobil Suite software.

3

15. On information and belief, Defendant Intellisync and its distribution partners advertise, market, and disseminate instructions for the use of the Enterprise Intellisync software, the Enterprise Intellisync Sever software, the LoudPC software, the Email Accelerator and the Mobil Suite software.

## FIRST CAUSE OF ACTION

### Infringement of U.S. Patent No. 5,867,714

16. NCR repeats and re-alleges the allegations of paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17. Intellisync has infringed and is continuing to infringe the '714 Patent in violation of 35 U.S.C. § 271(a) by engaging in acts that include making, using, offering to sell, or selling within the United States, or importing into the United States software products and services incorporating the patented invention that is described and claimed in the '714 Patent. These products and services include the Enterprise Intellisync the Mobile Suite software.

18. Defendant Intellisync, in violation of 35 U.S.C. § 271(b), actively and knowingly induces infringement of the '714 patent by causing third parties to practice the invention claimed in the '714 patent within the United States, in connection with Intellisync's advertising, marketing, sales, distribution, and information dissemination concerning the Enterprise Intellisync and the Mobile Suite software.

19. Defendant Intellisync, in violation of 35 U.S.C. § 271(c), knowingly contributes to the infringement of the '714 patent by selling and/or offering to sell within the United States the Enterprise Intellisync and the Mobile Suite software, which is a material part of practicing the invention claimed in the '714 patent. Defendant Intellisync knows that the

4

Enterprise Intellisync and the Mobile Suite software is especially made or adapted for use in the infringement of the '714 patent and is not a staple article or commodity of commerce suitable for substantial noninfringing use.

20. Third parties directly infringe the '714 patent by using the Enterprise Intellisync and the Mobile Suite software, which is manufactured, marketed, and/or sold by Intellisync to practice the invention claimed in the '714 patent.

21. Defendant Intellisync is aware that such third parties thereby directly infringe the '714 patent.

22. The activities of Intellisync have been without express or implied license from NCR.

23. Intellisync will continue to infringe the '714 Patent unless enjoined by this Court. As a result of the infringing conduct of Intellisync, NCR has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, NCR is entitled to temporary, preliminary, and permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

24. As a result of the infringement of the '714 Patent by Intellisync, NCR has been damaged and will be damaged further, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that cannot presently be ascertained, but that will be determined at trial.

25. On information and belief, Intellisync's past and continuing infringement of the '714 Patent has been deliberate and willful, and this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees to NCR in accordance with 35 U.S.C. § 285.

## SECOND CAUSE OF ACTION

### Infringement of U.S. Patent No. 5,953,532

26. NCR repeats and re-alleges the allegations of paragraphs 1 through 15 of the Complaint as if fully set forth herein.

27. Intellisync has infringed and is continuing to infringe the '532 Patent in violation of 35 U.S.C. § 271(a) by engaging in acts that include making, using, offering to sell, or selling within the United States, or importing into the United States software products and services incorporating the patented invention that is described and claimed in the '532 Patent, including the Enterprise Intellisync software.

29. Defendant Intellisync, in violation of 35 U.S.C. § 271(b), actively and knowingly induces infringement of the '532 patent by causing third parties to practice the invention claimed in the '532 patent within the United States, in connection with Intellisync's advertising, marketing, sales, distribution, and information dissemination concerning the Enterprise Intellisync software.

30. Defendant Intellisync, in violation of 35 U.S.C. § 271(c), knowingly contributes to the infringement of the '532 patent by selling and/or offering to sell within the United States the Enterprise Intellisync software, which is a material part of practicing the invention claimed in the '532 patent. Defendant Intellisync knows that the Enterprise Intellisync software is especially made or adapted for use in the infringement of the '532 patent and is not a staple article or commodity of commerce suitable for substantial noninfringing use.

31. Third parties directly infringe the '532 patent by using the Enterprise Intellisync software, which is manufactured, marketed, and/or sold by Intellisync to practice the invention claimed in the '532 patent.

32. Defendant Intellisync is aware that such third parties thereby directly infringe the '532 patent.

33. The activities of Intellisync have been without express or implied license from NCR.

34. Intellisync will continue to infringe the '532 Patent unless enjoined by this Court. As a result of the infringing conduct of Intellisync, NCR has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, NCR is entitled to temporary, preliminary, and permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

35. As a result of the infringement of the '532 Patent by Intellisync, NCR has been damaged and will be damaged further, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that cannot presently be ascertained, but that will be determined at trial.

36. On information and belief, Intellisync's past and continuing infringement of the '532 Patent has been deliberate and willful, and this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees to NCR in accordance with 35 U.S.C. § 285.

## THIRD CAUSE OF ACTION

### Infringement of U.S. Patent No. 6,163,274

37. NCR repeats and re-alleges the allegations of paragraphs 1 through 15 of the Complaint as if fully set forth herein.

38. Intellisync has infringed and is continuing to infringe the '274 Patent in violation of 35 U.S.C. § 271(a) by engaging in acts that include making, using, offering to sell, or selling within the United States, or importing into the United software products and services incorporating the patented invention that is described and claimed in the '274 Patent, including the Enterprise Intellisync Server, the LoudPC and the Email Accelerator software.

39. Defendant Intellisync, in violation of 35 U.S.C. § 271(b), actively and knowingly induces infringement of the '274 patent by causing third parties to practice the invention claimed in the '274 patent within the United States, in connection with Intellisync's advertising, marketing, sales, distribution, and information dissemination concerning the Enterprise Intellisync Server, the LoudPC and the Email Accelerator software.

40. Defendant Intellisync, in violation of 35 U.S.C. § 271(c), knowingly contributes to the infringement of the '274 patent by selling and/or offering to sell within the United States the Enterprise Intellisync Server, the LoudPC and the Email Accelerator software, which is a material part of practicing the invention claimed in the '274 patent. Defendant Intellisync knows that the Enterprise Intellisync Server, the LoudPC and the Email Accelerator software is especially made or adapted for use in the infringement of the '274 patent and is not a staple article or commodity of commerce suitable for substantial noninfringing use.

41. Third parties directly infringe the '274 patent by using the Enterprise Intellisync Server, the LoudPC and the Email Accelerator software, which is manufactured, marketed, and/or sold by Intellisync to practice the invention claimed in the '274 patent.

42. Defendant Intellisync is aware that such third parties thereby directly infringe the '274 patent.

43. The activities of Intellisync have been without express or implied license from NCR.

44. Intellisync will continue to infringe the '274 Patent unless enjoined by this Court. As a result of the infringing conduct of Intellisync, NCR has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, NCR is entitled to temporary, preliminary, and permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

45. As a result of the infringement of the '274 Patent by Intellisync, NCR has been damaged and will be damaged further, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that cannot presently be ascertained, but that will be determined at trial.

46. On information and belief, Intellisync's past and continuing infringement of the '274 Patent has been deliberate and willful, and that this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees to NCR in accordance with 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, NCR prays for entry of judgment against Intellisync as follows:

a. That Intellisync has infringed the asserted patents;

b. That temporary, preliminary, and permanent injunctive relief be issued out of this Court restraining Intellisync, its respective officers, agents, servants, directors, and employees, and all persons in active concert or participation with each, from directly or indirectly infringing, or inducing or contributing to the infringement by others of the asserted patents;

c. That NCR be awarded damages adequate to compensate NCR for the wrongful infringing acts by Intellisync, in accordance with 35 U.S.C. § 284;

d. That the damages awarded to NCR be increased up to three times in view of Intellisync's willful infringement, in accordance with 35 U.S.C. § 284;

e. That this case be declared exceptional in favor of NCR under 35 U.S.C. § 285, and awarding to NCR its reasonable attorneys' fees and other expenses incurred in connection with this action;

f. That NCR's interest and costs of suit incurred in this action; and

g. That such other and further relief as this Court may deem just and proper be awarded to NCR.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), NCR hereby demands a jury trial on all its claims in this case that are properly subject to a jury trial.

10

Respectfully submitted,

*Timothy R Butler* (signature)

Timothy R. Butler, Trial Attorney (0021993)
NCR Corporation
1700 So. Patterson Blvd.
Dayton, Ohio 45479
Telephone: (937) 445-7438
Facsimile: (937) 445-9997
E-Mail: tim.butler@ncr.com


Christopher P Ricci, Corporate Counsel (0077524)
NCR Corporation
1700 So. Patterson Blvd.
Dayton, Ohio 45479
Telephone: (937) 445-7438
Facsimile: (937) 445-9988
E-Mail: chris.ricci@ncr.com


Attorneys for Plaintiff
NCR Corporation